UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SKYLA D. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> FINANCE SYSTEM OF TOLEDO, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-02761 <br><br> JURY DEMAND |

## COMPLAINT

NOW comes SKYLA D. JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCE SYSTEM OF TOLEDO, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a 28 year-old consumer residing in Ohio.

5. Defendant promotes that it "is one of the largest and most experienced full-service collection agencies in Northwest Ohio."[1] Defendant is a corporation formed under the laws of the State of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Upon information and belief, Plaintiff received medical services at Emergency Physicians of Northwest Ohio ("Northwest").

8. Due to financial hardship, Plaintiff fell behind on her payments to Northwest, thus incurring debt ("subject debt").

9. Plaintiff incurred the subject debt for personal services related to her healthcare.

10. On or about July 25, 2018 and August 29, 2018, Defendant mailed or caused to be mailed to Plaintiff two collection letters via U.S. Mail in an attempt to collect the subject debt from Plaintiff.

11. In its correspondences to Plaintiff, Defendant failed to disclose itself as a debt collector as shown in the language which appeared as follows:

> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

---

[1] http://fst1952.com/about/

12. Although Defendant includes this disclosure, it fails to identify that the communication is from a debt collector, as required by 15 U.S.C. § 1692e(11).

13. Defendant's failure to include this disclosure created confusion for Plaintiff as the letter does not clearly indicate Defendant's status as a debt collector.

14. Plaintiff spoke with Sulaiman regarding the correspondences resulting in pecuniary loss and expenditure of resources.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though full set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector on its website, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1954.[2]

20. The subject consumer debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA § 1692e**

---

[2] https://www.acainternational.org/default

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

23. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from believing that she was afforded certain FDCPA protections against Defendant.

### b.  Violations of FDCPA § 1692f

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

25. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector, and unlawfully designed shield itself from any potential retaliation.

26. As pled in paragraphs 14 and 15, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions.

4

WHEREFORE, Plaintiff SKYLA D. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Ohio                 Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com