**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Skyla D. Johnson, | : | |
| | : | Case No: 3:18-cv-02761 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge: Helmick |
| | : | |
| Finance System of Toledo, Inc., | : | |
| | : | Answer to Complaint with Counterclaim |
| Defendant. | : | |
| | : | |

Now comes Defendant  Finance System of Toledo, Inc. ("FST") and provides the

following for its Answer to Plaintiff  Skyla D. Johnson's ("Johnson") Complaint.

**NATURE OF THE ACTION**

**Complaint 1.**  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

**Answer 1.        FST denies Paragraph 1.**

**JURISDICTION AND VENUE**

**Complaint 2.**  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

**Answer 2.        FST denies Paragraph 2.**

**Complaint 3.**  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**Answer 3.        FST admits Paragraph 3.**

**PARTIES**

**Complaint 4.**  Plaintiff is a 28 year-old consumer residing in Ohio.

**Answer 4.        FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 4 and therefore FST denies Paragraph 4.**

**Complaint 5.** Defendant promotes that it "is one of the largest and most experienced full-service collection agencies in Northwest Ohio." Defendant is a corporation formed under the laws of the State of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Ohio.

**Answer 5.     FST admits that it is a corporation formed under the laws of the state of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611 but denies the remaining allegations in Paragraph 5 for lack of knowledge.**

**Complaint 6.** Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**Answer 6.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 6 and therefore FST denies Paragraph 6.**

## FACTUAL ALLEGATIONS

**Complaint 7.** Upon information and belief, Plaintiff received medical services at Emergency Physicians of Northwest Ohio ("Northwest").

**Answer 7.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 7 and therefore FST denies Paragraph 7.**

**Complaint 8.** Due to financial hardship, Plaintiff fell behind on her payments to Northwest, thus incurring debt ("subject debt").

**Answer 8.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore FST denies Paragraph 8.**

**Complaint 9.** Plaintiff incurred the subject debt for personal services related to her healthcare.

**Answer 9.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore FST denies Paragraph 9.**

**Complaint 10.** On or about July 25, 2018 and August 29, 2018, Defendant mailed or caused to be mailed to Plaintiff two collection letters via U.S. Mail in an attempt to collect the subject debt from Plaintiff.

**Answer 10.     FST admits that it sent correspondence to Plaintiff in an attempt to collect on an account but denies the remainder of Paragraph 10.**

**Complaint 11.** In its correspondences to Plaintiff, Defendant failed to disclose itself as a debt collector as shown in the language which appeared as follows:

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

**Answer 11.    FST denies Paragraph 11.**

**Complaint 12.**    Although Defendant includes this disclosure, it fails to identify that the communication is from a debt collector, as required by 15 U.S.C. § 1692e(11).

**Answer 12.    FST denies Paragraph 12.**

**Complaint 13.**    Defendant's failure to include this disclosure created confusion for Plaintiff as the letter does not clearly indicate Defendant's status as a debt collector.

**Answer 13.    FST denies Paragraph 13.**

**Complaint 14.**    Plaintiff spoke with Sulaiman regarding the correspondences resulting in pecuniary loss and expenditure of resources.

**Answer 14.    FST denies Paragraph 14.**

**Complaint 15.**    Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

**Answer 15.    FST denies Paragraph 15.**

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**Complaint 16.** Plaintiff repeats and realleges paragraphs 1 through 15 as though full set forth herein.

**Answer 16.    FST fully incorporates by reference the preceding paragraphs as if fully re-written herein.**

**Complaint 17.** Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**Answer 17.    FST admits Paragraph 17.**

**Complaint 18.** Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**Answer 18.     FST admits Paragraph 18.**

**Complaint 19.** Defendant identifies itself as a debt collector on its website, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1954.

**Answer 19.     FST admits Paragraph 19.**

**Complaint 20.     ** The subject consumer debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**Answer 20.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 20 and therefore FST denies Paragraph 20.**

**Complaint 21.** The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**Answer 21.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 21 and therefore FST denies Paragraph 21.**

**Complaint 22.     ** In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

**Answer 22.     FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 22 and therefore FST denies Paragraph 22.**

**Complaint 23.     ** Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt

collector in order to prevent Plaintiff from believing that she was afforded certain FDCPA protections against Defendant.

**Answer 23.    FST denies Paragraph 23.**

**Complaint 24.**    The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**Answer 24.    FST lacks information or knowledge sufficient to form a belief about the truth of Paragraph 24 and therefore FST denies Paragraph 24.**

**Complaint 25.**    Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector, and unlawfully designed shield itself from any potential retaliation.

**Answer 25.    FST denies Paragraph 25.**

**Complaint 26.**    As pled in paragraphs 14 and 15, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions.

**Answer 26.    FST denies Paragraph 26.**

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred by the applicable statute of limitations.

2. Plaintiff's injuries or damages, if any, are the result of her own acts or omissions.

3. Pursuant to 15 USC § 1692k, any violations that may be found were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. Plaintiff lacks standing, as Plaintiff did not suffer an injury or loss sufficient to have standing.

5. Defendant relied upon and acted in good faith conformity with a prior opinion from the Federal Trade Commission.  15 U.S.C. 1692k(e).

## <u>COUNTERCLAIM</u>

As set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, Defendant is entitled to attorney fees and its cost of defending this matter.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Johnson's requested relief denied, and FST should be awarded its costs and fees in defending this action.

Respectfully submitted,

/s/ Zachary P. Elliott
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com

James S. Nowak
James S. Novak, Attorney at Law
4808 N. Summit Street
Toledo, Ohio 43611
Tel. (419) 726-2605
Fax: (419) 726-1549
joffice@buckeye-express.com

*Counsel for Finance System of Toledo, Inc.*

## **Certificate of Service**

I hereby certify that a true and accurate copy of the foregoing Answer to Complaint with Counterclaim has been served by the Court's CM/ECF service to all counsel of record on February 22, 2019.

/s/ Zachary P. Elliott
Zachary P. Elliott (0090057)