Motion Granted.
So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SKYLA D. JOHNSON, | |
| Plaintiff, | 3:18-cv-02761-JJH |
| v. | Honorable Judge Jeffrey J. Helmick |
| FINANCE SYSTEM OF TOLEDO, INC., | |
| Defendant. | |

### PLAINTIFF' S MOTION TO DISMISS HER COMPLAINT WITH PREJUDICE AND MEMORANDUM IN SUPPORT

NOW comes SKYLA D. JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), and pursuant to Fed. R. Civ. P. 41(a)(2), brings this Motion to Dismiss her Complaint with prejudice, and in support thereof, provides the following memorandum and points of authority:

1. On November 29, 2018, Plaintiff filed her Complaint seeking redress for Finance System of Toledo, Inc.'s ("Defendant") alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. 1].

2. On May 22, 2019, this Court entered an order dismissing a portion of the plaintiff's claims in *Gaston v. Finance System of Toledo, Inc.*, No. 3:18-cv-02652-JJH, Dkt. 20.

3. On June 14, 2019, Defendant moved for judgment on the pleadings in connection with Plaintiff's claims. [Dkt. 17].

4. Given the discussion in *Gaston* and the similarities between Plaintiff's claims and the portion of the plaintiff's claims which were dismissed in *Gaston,* Plaintiff no longer wishes to pursue her claims against Defendant.

1

5. Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980). In exercising its discretion, a court must seek to prevent prejudice to the non-moving parties. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 45 (1st Cir. 1981). Generally speaking, plaintiffs should be permitted to dismiss their actions freely, unless the defendant would suffer plain legal prejudice. *See Ratkovich v. Smith Kline & French Laboratories,* 1990 U.S. Dist. LEXIS 1279, *8-9 (N.D. Ill. Feb. 2, 1990). Dismissing a case with prejudice is a protective measure designed to protect defendants from any prejudice stemming from a dismissal. *Id.*

6. Because the instant motion seeks a dismissal with prejudice, Defendant will suffer no legal prejudice as a result of dismissing the instant action. Therefore, Plaintiff should be permitted to dismiss her action freely.

7. Furthermore, although Defendant has filed a counterclaim in this action, Defendant's purported counterclaim is not the type that would prevent Plaintiff's ability to seek voluntary dismissal under Fed R. Civ. P. 41(a)(2) since its purported counterclaim is not a proper counterclaim.

8. "In order to defeat the plaintiff's ability to dismiss under 41(a)(2), the counterclaim may not be maintained for the sole purpose of preventing the plaintiff from dismissing the action. Furthermore, the assertion of an improper or insufficient counterclaim may not be the basis for denying the plaintiff's motion for voluntary dismissal. Thus, if the matter asserted by the defendant is not in fact a counterclaim but an affirmative defense or other matter, the plaintiff may still obtain a voluntary dismissal." 27A Fed. Proc., L. Ed. § 62:557 (2006) (footnotes omitted) (collecting

cases); 9 Wright & Miller, *Federal Practice & Procedure* § 2365 ("To have any effect under Rule 41(a)(2) . . . , the counterclaim must be a proper one. Thus, dismissal is not precluded by the fact that the defendants have pleaded affirmative defenses rather than counterclaims or that they intend in the future to offer a counterclaim but have not yet done so.") (footnotes omitted) (collecting cases).

9. As addressed in Plaintiff's Answer to Defendant's counterclaim and Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings as to Defendant/Counter-Plaintiff's Counterclaim, [Dkt. 13; Dkt. 18], Defendant's purported counterclaim asserting that it is entitled to its fees in connection with this matter is not a proper basis for a counterclaim since 15 U.S.C. § 1692k does not provide defendant debt collectors a separate cause of action under the FDCPA. *See e.g., Hardin v. Folger,* 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988); *Kropf v. TCA, Inc.,* 752 F. Supp. 2d 797, 800-01 (E.D. Mich. 2010); *Mirfendereski v. Rakestraw,* 2011 U.S. Dist. LEXIS 90535, at *3 (S.D. Ohio Aug. 15, 2011). Instead, any attempt for Defendant to obtain its attorneys' fees in connection with this matter must be done by filing a post-judgment motion. *See e.g., Kirscher v. Messerli & Kramer, PA,* 2006 U.S. Dist. LEXIS 3346, at *7 (D. Minn. Jan. 14, 2006).

10. As such, the Court should not preclude Plaintiff's efforts to seek dismissal of her claims merely because Defendant filed a counterclaim in this matter. Defendant's counterclaim is not a proper counterclaim and, therefore, does not impact Plaintiff's ability to seek a voluntary dismissal of this matter.

WHEREFORE, Plaintiff, SKYLA D. JOHNSON, respectfully requests that this Honorable Court grant Plaintiff's Motion to Dismiss Her Complaint With Prejudice and for any further relief deemed just and appropriate.

Dated: July 15, 2019                                          Respectfully submitted,

> */s/ Eric D. Coleman*
>
> Eric D. Coleman, Esq. # 6326734
> Sulaiman Law Group, Ltd.
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 575-8181 x105
> Fax: (630) 575-8188
> ecoleman@sulaimanlaw.com
>
> *Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH N.D. OHIO L.R. 7.1(f)

The undersigned, one of the attorneys for Plaintiff/Counter-Defendant, certifies that the instant matter is assigned to a standard track. This memorandum adheres to the page limitations set forth in N.D. Ohio L.R. 7.1(f).

> *s/ Eric D. Coleman*
> Eric D. Coleman, Esq.
> Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Ohio by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

> */s/ Eric D. Coleman*
> Eric D. Coleman
> Sulaiman Law Group, Ltd.
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 575-8181 x105
> Fax: (630) 575-8188
> ecoleman@sulaimanlaw.com

Case: 3:18-cv-02761-JJH Doc #: 20 Filed: 08/01/19 5 of 5. PageID #: 73

5